UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB A.S.,<br><br>                     Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>                     Defendant. | Case No.: 24-cv-2441-DDL<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Dkt. No. 2]** |

On December 24, 2024, Jacob A.S. ("Plaintiff") filed a complaint seeking judicial review of a final adverse decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. Plaintiff concurrently filed an application to proceed in this matter *in forma pauperis* (the "IFP Application"), which is presently before the Court. Dkt. No. 2.

This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees or security therefor" by any person who demonstrates his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Instead, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015)

(citing *Adkins*, 335 U.S. at 339). "'[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981)).

Here, Plaintiff declares he is unemployed and that his only sources of income are public assistance and Veterans Affairs disability compensation. Dkt. No. 2 at 1-2. These sources of income are not enough to cover his monthly expenses. *See id.* at 4-5. He lists as assets his home, a 2014 Nissan Altima, and a 2021 Chevrolet Traverse. *Id.* at 3. He and his spouse together have $200 in a checking account. *Id.* at 2. Plaintiff and his spouse support their two sons and Plaintiff's mother. *Id.* at 3. Based upon the record before it, the Court finds that Plaintiff has adequately demonstrated that he lacks the financial resources to pay the filing fee and **GRANTS** Plaintiff's IFP Application.

Where the Court grants a litigant permission to proceed *in forma pauperis*, it must also screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) of the United States Code. The statute requires dismissal where a complaint fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune. *See id*. Rule 2(b) of the Supplemental Rules for Social Security Actions sets forth additional pleading requirements for a Social Security plaintiff's complaint. *See* Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-(E). The Court has reviewed Plaintiff's complaint and finds it satisfies these pleading requirements, states a plausible claim for relief, and is neither frivolous nor malicious. Accordingly, the Complaint survives screening, and the action may proceed.

**IT IS SO ORDERED**.

Dated: December 30, 2024

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge